UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTEBAN CARLOS RIVAS GARCIA, | CASE NO. 2:26-cv-02163-LK |
| Petitioner, | ORDER DENYING EMERGENCY MOTIONS; EXTENDING DEADLINES TO REPLY AND FOR NOTICE |
| v. | |
| SUPERINTENDENT et al., | |
| Respondents. | |

This matter comes before the Court on Petitioner Esteban Carlos Rivas Garcia's Emergency Motion for Temporary Restraining Order and Immediate Release, Dkt. No. 2, and Emergency Motion to Prevent Transfer of Petitioner, Dkt. No. 3.

After Rivas Garcia filed his motion, the Clerk issued a Scheduling Order that directs Respondents to show cause why the petition for a writ of habeas corpus should not be granted, sets forth a briefing schedule, and requires Respondents to provide Rivas Garcia notice prior to any action to move or transfer him from the Western District of Washington or to remove him from the United States. Dkt. No. 5. In light of that scheduling order—and the modifications the Court makes to that order below due to Rivas Garcia's non-efiling status, the Court finds moot Rivas

ORDER DENYING EMERGENCY MOTIONS; EXTENDING DEADLINES TO REPLY AND FOR NOTICE - 1

Garcia's requests not to transfer him during the pendency of his habeas petition and for advance written notice prior to any attempted removal or transfer. Dkt. No. 3 at 2. Also, in light of the scheduling order, the Court denies Rivas Garcia's request for a "response deadline of ten days and immediate consideration," Dkt. No. 2 at 2, because the scheduling order already requires a prompt response, Dkt. No. 5 at 2.

Rivas Garcia also requests that the Court order Respondents to release him. Dkt. No. 2 at 2. Because this requested relief "is the same relief ultimately sought by his habeas petition," Dkt. No. 1 at 9, "the Court concludes that it falls outside the limited purpose of a TRO and should instead be decided either after a preliminary injunction hearing or through regular adjudication of the habeas petition itself." *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2165995, at *7 (W.D. Wash. July 30, 2025); *see also Tang v. Bondi*, No. 2:25-CV-01473-RAJ- TLF, 2025 WL 2979938, at *2 (W.D. Wash. Sept. 3, 2025).[1]

Accordingly, the Court DENIES the emergency motions. Dkt. Nos. 2, 3.

The parties are required to comply with the requirements and deadlines in the Scheduling Order, Dkt. No. 5, with the following modifications. Because Rivas Garcia is unrepresented and filing and receiving materials by mail, the Court ORDERS as follows to allow him sufficient time to file his reply and receive notice:

1. The reply deadline of July 13, 2026 is extended to July 27, 2026. The Government shall note its response for July 27, 2026. However, if a reply is filed earlier than July 27, 2026, the Court will consider the habeas petition ripe for review at that time.

---

[1] Rivas Garcia also requests "[e]mergency medical protection," Dkt. No. 2 at 2, but he does not elaborate on that request or allege that he is being denied medical care. His habeas petition states that he has "*allegedly* not received consistent access to necessary medication and treatment." Dkt. No. 1 at 5 (emphasis added).

ORDER DENYING EMERGENCY MOTIONS; EXTENDING DEADLINES TO REPLY AND FOR NOTICE - 2

2.  The government shall provide Rivas Garcia at least 7 days (168 hours) notice prior to any action to move or transfer him from the Western District of Washington or to remove him from the United States.

Dated this 23rd day of June, 2026.

Lauren King
United States District Judge

ORDER DENYING EMERGENCY MOTIONS; EXTENDING DEADLINES TO REPLY AND FOR NOTICE - 3