UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTEBAN CARLOS RIVAS GARCIA,<br><br>Petitioner,<br>v.<br><br>SUPERINTENDENT et al.,<br><br>Respondents. | CASE NO. 2:26-cv-02163-LK<br><br>ORDER STRIKING PROCEDURALLY IMPROPER FILINGS AND GRANTING LEAVE TO AMEND |

This matter comes before the Court on Petitioner Esteban Carlos Rivas Garcia's petition for a writ of habeas corpus. Dkt. No. 1. On August 31, 2026, after the briefing was complete, Rivas Garcia filed a Notice of Completed Briefing and Request for Status and Consideration, alongside letters of support and a July 16, 2026 letter from a neurologist. Dkt. Nos. 13, 14.

The Court strikes the new filings, Dkt. Nos. 13, 14, as procedurally improper fugitive documents. *See Johnson v. Holms*, No. 2:18-CV-00647-GMN-EJY, 2020 WL 9065891, at *1 (D. Nev. June 12, 2020) ("[A]ny document not allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or a direct order of this Court is a fugitive document and must be stricken from the record." (citation modified)). The Court further declines to consider the new filings in

connection with the existing habeas petition because Respondents have not had a chance to address them. The Court also harbors doubts about whether Rivas Garcia's habeas petition is an appropriate vehicle to challenge the medical care he is receiving at the Northwest ICE Processing Center. However, in light of the new medical evidence he has filed, Dkt. No. 14 at 18–19, the Court will allow him to file an amended petition for habeas corpus.

The filing of an amended petition will supersede the original petition, so Rivas Garcia should ensure that any amended petition contains all of his allegations challenging his detention (again, the Court doubts that a habeas petition is the appropriate vehicle to challenge Rivas Garcia's medical care, so any amended habeas petition should address any and all grounds on which he challenges his detention and why those grounds are appropriate for a habeas petition). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *see also, e.g.*, *Segura Serrano v. Hernandez*, No. 2:26-cv-01268-LK, Dkt. No. 1 at 2–4, 8, 10–14, 19–20 (W.D. Wash. April 13, 2026) (petition explaining, in the context of a claim challenging the petitioner's detention based on a constitutionally inadequate bond hearing, (1) the constitutional grounds for challenging petitioner's detention, and (2) why the claim was appropriate for a habeas petition); *id.*, Dkt. No. 14 at 3–4, 5–17 (resulting order addressing the same issues).[1] The amended petition must not incorporate by reference any part of the original petition, including exhibits. LCR 15(a).

Any amended petition must be filed within 60 days of the date of this Order, which should allow Rivas Garcia sufficient time to either (1) move for the appointment of counsel, who will file an amended petition on his behalf[2]; or (2) file the amended petition himself.

---

[1] Because this case is sealed and only Respondents can access it, the Court directs the Clerk to mail a copy of these filings to Petitioner.

[2] *See* Western District of Washington Pro Se Guide to Filing Your Lawsuit in Federal Court, p. 14 (July 2024), https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf.

If the 60-day period elapses, or if Rivas Garcia informs the Court that he does not intend to file an amended petition before that date, the Court will consider the existing petition and briefing.

Dated this 2nd day of September, 2026.

Lauren King
United States District Judge